UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MAKSIM YARMALIUK,

Plaintiff,

v.

COUNTY OF SACRAMENTO, et al.,

Defendants.

No. 2:25-cv-01545-TLN-AC

**ORDER**

This matter is before the Court on Plaintiff Maksim Yarmaliuk's ("Plaintiff") Motion for Reconsideration of the magistrate judge's July 15, 2025, Order denying Plaintiff's request to participate in electronic filing (ECF No. 9). For the reasons set forth below, the Court DENIES Plaintiff's Motion for Reconsideration.

///

///

///

///

///

///

///

## I. Factual and Procedural Background

Plaintiff, proceeding pro se, initiated this civil action on June 3, 2025. (ECF No. 1.) On June 20, 2025, Plaintiff filed a "Motion to E-File," in which he requested leave to participate in electronic filing under Local Rule 133(b)(2). (ECF No. 6.) The assigned magistrate judge denied Plaintiff's request, because it "lack[ed] the necessary information required by the Local Rule." (ECF No. 8.) However, the assigned magistrate judge granted Plaintiff's request with respect to electronic service of documents. (*Id.*) On July 21, 2025, Plaintiff filed the instant motion for reconsideration. (ECF No. 9.)

## II. Standard of Law

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f). "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Martinez v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

Under the "clearly erroneous" standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake has been committed.'" *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). "Thus, review under the 'clearly erroneous' standard is significantly deferential.'" *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). "A [m]agistrate [j]udge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (citation omitted).

///

**III. ANALYSIS**

The Eastern District of California utilizes an electronic case management and filing system ("CM/ECF"). In this district, pro se parties may not utilize electronic filing except with the permission of the assigned judge or magistrate judge. *See* E.D. Cal. L.R. 133(b)(2). Requests to use electronic filing shall be submitted as stipulations or, if a stipulation cannot be had, as a written motion setting out an explanation of reasons for the exception. *Id.* 133(b)(3).

Plaintiff argues the assigned magistrate judge's denial of Plaintiff's motion to participate in electronic filing "was both clearly erroneous and contrary to law." (ECF No. 9 at 3.) Plaintiff contends he complied with Local Rule 133(b)(3), because he stated in his motion that allowing him to electronically file would "further judicial economy" and "eliminate unnecessary expense." (*Id*. at 5.) Plaintiff further argues that even if he was required to meet other requirements, such as demonstrating his awareness of the electronic filing requirements, he claims he met any such requirements in his motion. (*See id.* at 4 (citing *Phifer v. Sacramento City Hous. and Redevelopment Agency*, No. 2:07-cv-00747 LKK DAD PS, 2007 WL 1655847 (E.D. Cal. June 7, 2007).)

Plaintiff has not established grounds upon which the Court can grant relief from the magistrate judge's order. First, Plaintiff's mere disagreement with the magistrate judge's decision does not warrant reconsideration. *See Martinez v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *2 (E.D. Cal. Sept. 29, 2015). Second, while the Court understands Plaintiff's frustration, the Court can only overturn the magistrate judge's ruling "if left with a definite and firm conviction that a mistake has been committed." *E.E.O.C.*, 301 F.R.D. at 484. Here, there has been no such mistake. After reviewing Plaintiff's motion and his proffered reasons to allow for an exception to the Local Rules, the assigned magistrate judge determined Plaintiff's motion lacked necessary information to warrant an exception to the electronic filing rules. Moreover, the decision is not contrary to law, as the assigned magistrate judge correctly cited and applied the relevant rules.

In sum, the Court finds the magistrate judge's ruling was not clearly erroneous or contrary to law. Accordingly, Plaintiff's Motion is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration, (ECF No. 9), is DENIED.

Date: November 3, 2025

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE